ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/6/06 DS

92593

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONNA MUSSENDEN VAN DER ZEE,

                Plaintiff,

- against -

DELANO GREENIDGE, et al.,

                Defendants.

OPINION AND ORDER

03 Civ. 8659 (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

## I. INTRODUCTION

Donna Mussenden Van Der Zee ("Van Der Zee") filed this copyright infringement action pursuant to 17 U.S.C. § 101 *et seq.* ("Copyright Act"), against Delano Greenidge ("Greenidge") and Delano Greenidge Editions, LLC ("Greenidge LLC") on November 3, 2003. On February 25, 2004, the parties consented to jurisdiction by the undersigned pursuant to 28 U.S.C. § 636(c). Before the Court is the application of Van Der Zee for statutory damages and attorney's fees pursuant to 17 U.S.C. §§ 504(c)(1) and 504(c)(2). For the reasons which follow, the Court awards Van Der Zee $11,000 in statutory damages and $14,965 in attorney's fees, for a total of $25,965.

## II. BACKGROUND

Van Der Zee holds exclusive copyright to the photographs of James Van Der Zee, her late husband. "Couple in Raccoon Coats" and "Marcus Garvey in Regalia" ("photographs") are two of the photographs within the compilations, and are the subject of this dispute.

Greenidge LLC is a book publisher and Greenidge is its principal owner. In 2002, Greenidge approached Van Der Zee seeking to publish a book of James Van Der Zee's

MICROFILM
JAN 9 2006

Returned to chambers for scanning on 1/13/06
Scanned by chambers on _____

photographs. Compl. at ¶ 9. An agreement was drafted but not signed by Van Der Zee. Compl. at ¶ 10. Further, she did not deposit a check received from Greenidge nor did she give permission to reproduce the photographs. Id. During negotiations, Van Der Zee discovered that Greenidge LLC had already reproduced the photographs in its Greenidge Edition Autumn 2002 catalog as part of an advertisement for the book of James Van Der Zee's photographs. Id. at ¶ 11. After further failed attempts to negotiate with Greenidge LLC over the use of the photographs, Van Der Zee initiated this action. Id. at ¶ 2-3; Plaintiff's Memorandum of Law in Support of Damages ("Pl. Mem.") at 2. Greenidge did not attend scheduled conferences by this Court, and failed to cooperate with discovery. By Order dated March 18, 2005, the Court entered a default judgment against Greenidge and Greenidge LLC.

### III. DISCUSSION

**A. Statutory Damages**

Pursuant to 17 U.S.C. § 504(c)(1), a plaintiff is entitled to either statutory damages or actual damages, plus the amount defendant profited from an infringement. Under § 504(c)(1), the copyright holder may choose either option at anytime before a final judgment is rendered. An award of statutory damages is particularly appropriate where actual damages are difficult to prove. **Granada Sales Corp. v. Aumer**, 2003 WL 21383821, at *2 (S.D.N.Y. June 2, 2003); **Latin Am. Music Co. v. Spanish Broad. Sys., Inc.**, 866 F. Supp. 780, 782 (S.D.N.Y. 1994). The Court may award statutory damages in an amount within a permissive range that will further the Copyright Act's objectives of compensating copyright owners for past infringement and deterring future infringement. *See* **Stevens v. Aeonian Press, Inc.**, 2002 WL 31387224, at *1 (S.D.N.Y. Oct. 23, 2002). Statutory damages must be "in a sum of not less than $750 or more

2

than $30,000 as the court considers just." **Granada**, 2003 WL 21383821, at *2 (*citing* 17 U.S.C § 504(c)(1)). However, "where the copyright owner sustains the burden of proving, and the court finds, that the infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2). Here, the plaintiff has requested $10,000 in enhanced statutory damages. Compl. at ¶ 21; Pl. Mem. at 7.

A district court retains wide discretion in awarding statutory damages for copyright infringement. **Island Software & Computer Serv., Inc. v. Microsoft Corp.**, 413 F.3d 257, 265 (2d Cir. 2005). This discretion, while limited by the Copyright Act, is necessary where copyright infringement cases present a variety of circumstances not easily remedied by simple formulas. **F.W. Woolworth Co. v. Contemporary Arts, Inc.**, 344 U.S. 228, 232 (1952). While the facts alleged in Van Der Zee's complaint are to be taken as true in a default judgment, facts relating to damages are not. **Chen v. Jenna Lane, Inc.**, 30 F. Supp. 2d 622, 623 (S.D.N.Y. 1998). The Court may consider several factors in determining statutory damages, including "[e]xpenses saved and profits reaped by the [infringers,] the revenues lost by the Plaintiffs, the value of the copyright, and the deterrent effect" on others besides the defendant. **Stevens**, 2002 WL 31387224, at *1 (*citing* **Fitzgerald Pub. Co. v. Baylor Pub. Co.**, 807 F.2d 1110 (2d Cir. 1986)). Other factors focusing on the infringer's culpability include whether the defendant was willful or innocent, whether the defendant has cooperated in providing records in an attempt to ascertain the extend of the infringement and, finally, whether there is any potential for deterrence. **Id.**

For the purposes of determining statutory damages in the present case, there is no evidence of what profits were derived from the use of the photographs. At a minimum,

Greenidge LLC avoided payment of a $1,500 per photograph licensing fee required by Van Der Zee. Pl. Mem. at 3. Absent additional evidence of profits lost and repeated by the parties, this court must rely principally on defendants' willful conduct in determining damages. *See* **Wilen v. Alternative Media Net, Inc.**, 2004 WL 2823036, at *2 (S.D.N.Y. Dec. 3, 2004) ( defendant's willful actions in concealing copyright notice determined damages where "the absence of evidence . . . of the parties' profits and losses [made it] impossible to determine the economic benefits and detriments").

A damages award is necessary to effectuate the statutory policy of protecting original works through deterrence. Thus, "[e]ven for uninjurious and unprofitable invasions of copyright, the court may, if it deems it just, impose a liability within statutory limits to sanction and vindicate the statutory [deterrence] policy." **United States Media Corp. v. Edde Entm't Corp.**, 1998 WL 401532, at *18 (S.D.N.Y. July 17, 1998). As the defendants are in the book publishing business and in a position to repeat the unauthorized reproduction of copyrighted material, there is deterrent value in assessing damages against defendants.

While the underlying principle of statutory damages is that damages are appropriate even where they cannot be calculated exactly, "statutory damages should bear some relation to actual damages suffered." **RSO Records v. Peri**, 596 F.Supp. 849, 862 (S.D.N.Y. 1984). Van Der Zee typically charges $1,500 per photograph to license the copyrighted works. She would have received approximately $3,000 in licensing fees here. This represents a specific loss to her in that amount. Whereas further losses are speculative at best, there would be little deterrent value in awarding damages equal to what a defendant would have paid in acting properly. This Court concludes that double the $3,000 in licensing fees, or $6,000 in damages, is appropriate under

4

504(c)(1).[1] This award is "not based on an assumption that a multiplier of actual damages . . . [is] the only appropriate measure of statutory damages." **Warner Bros. Inc. v. Multinat'l Prod. Corp.**, 1986 WL 14294 at *1 (S.D.N.Y. Dec. 10, 1986).

**B. Enhanced Statutory Damages**

Under § 504(c)(2), willful conduct provides a basis for enhanced statutory damages. Such damages are acceptable in light of the statute's goal of deterrence where there is evidence of willful conduct. *See* **N.A.S. Import, Corp. v. Chenson Enter., Inc.**, 968 F.2d 250, 253 (2d Cir. 1992) (explaining that the decision to enhance statutory damages in light of defendant's reckless disregard of plaintiff's copyright is within the court's discretion). Willful infringement may be inferred from a defendant's knowledge, whether actual or "constructive," that its conduct constitutes infringement. **Original Appalachian Artworks, Inc. v. Yuil Int'l. Trading Corp.**, 1987 WL 123986, at *4 (S.D.N.Y. Oct. 2, 1987) (*citing* **Fitzgerald Pub. Co.**, 807 F.2d at 1115). Here, the Court finds that the defendants had actual knowledge of their infringement of Van Der Zee's copyright. Defendants' work in the book publishing industry should have provided sufficient knowledge that copyright protection is available for photographs. *See* **Fitzgerald Pub. Co.**, 807 F.2d at 1115. Furthermore, defendants were on notice that the photographs reproduced in the Greenidge Editions Autumn 2002 catalog were copyrighted material as they sought out Van Der Zee to discuss the photographs copyrights for purposes of reproduction.

Defendants' willful infringement may also be inferred from a failure to appear and defend

---

[1] Van Der Zee relies heavily on this Court's ruling in **Granada Sales Corp. v. Aumer** in requesting $10,000. Pl. Mem. at 2, 5-8. In that case, a copyrighted dress pattern was copied and resold and the projected sales provided the basis for this Court's award of statutory damages. **Granada**, 2003 WL 21383821, at *1-2. This case is distinguishable because the copyrighted photographs were copied and included in a catalog instead of being resold for profit.

the action. **Granada**, 2003 WL 21383821, at *3. This is particularly relevant where, as here, there is an allegation of willfulness and a request for enhanced statutory damages. *See* **Peer Int'l. Corp. v. Max Music & Entm't, Inc.**, 2004 WL 1542253, at *3 (S.D.N.Y. July 9, 2004) (*citing* **Fallaci v. New Gazette Literary Corp.**, 568 F. Supp. 1172, 1173 (S.D.N.Y. 1983)). Greenidge failed to respond to Van Der Zee's complaint after numerous extensions, failed to produce documents to Van Der Zee or to offer evidence on its profit from the infringement, and failed to appear before the Court for conferences. This demonstrates an overall reluctance to defend the action. Accordingly, the Court finds that defendants' omissions constitute willfulness for the purpose of statutory damages.

Van Der Zee has met its burden under the statute and this Court finds that Greenidge willfully infringed Van Der Zee's copyright. For this reason, and to effectuate the policies of compensation and deterrence, Greenidge's willfulness warrants an additional award. The Court therefore awards $5,000 under § 504(c)(2) for a total of $11,000 in statutory damages.

### C. Attorney's Fees

Van Der Zee seeks $14,965 in attorney's fees based on nearly seventy hours of work by Darren Oved, Terrence A. Oved, and other attorneys and law clerks at the firm of Oved & Oved, LLC ("Oved"). *See* Attorney Declaration ("Atty. Decl.") at ¶ 2. Pursuant to 17 U.S.C. § 505, attorney's fees are not to be awarded automatically to the prevailing party. The Court has discretion in awarding costs and a reasonably attorney's fee to the prevailing party. Acting in its discretion, the Court may look at equitable considerations such as "frivolousness, motivation, objective unreasonableness (both in the factual and the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence."

*See* **Knitwaves, Inc. v. Lollytogs, Ltd.**, 71 F.3d 996, 1011 (2d Cir. 1995) (*quoting* **Lieb v. Topstone Indus. Inc.**, 788 F.2d 151, 156 (1986)). "In determining a reasonable attorney's fee, courts consider the amount of work, the skill employed, damages at issue, and the result achieved." **Oboler v. Goldin**, 714 F.2d 211, 213 (2d Cir. 1983). An award of attorney's fees is warranted where infringement is willful. *See* **Kepner-Tregoe, Inc. v. Vroom**, 186 F.3d 283, 289 (2d Cir. 1999). In this case, Greenidge entered into negotiations with Van Der Zee after having already reproduced the photographs without authorization. Greenidge subsequently failed to appear and defend the case, and neglected to turn over any documentation to assist this Court in assessing damages. These acts constitute willful conduct and justify attorney's fees.

Under the lodestar approach, the estimated attorney's fee is determined by multiplying the number of hours reasonably expended on the litigation by a rate that is reasonable for attorneys of similar skill and experience. **Grant v. Martinez**, 973 F.2d 96, 99 (2d Cir. 1992) (*citing* **Blanchard v. Bergerson**, 489 U.S. 87, 94 (1989)). Although there is a "strong presumption" that the lodestar approach is reasonable, the amount calculated may be adjusted, depending on considerations such as the novelty and difficulty of the issues raised and the experience and ability of the attorney. *See* **Toys "R" Us, Inc. v. Abir**, 1999 WL 61817, at *1-2 (S.D.N.Y. Feb. 10, 1999).

### 1. Reasonable Rate

In determining a reasonable hourly rate, the Court should consider the rates for legal services "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." **Dula v. Amereon Ltd.**, 2004 WL 1586410 at *4 (S.D.N.Y. July 15, 2004) (*quoting* **Miele v. New York Teamsters Conf. Pens. & Ret. Fund**, 831 F.2d

407, 409 (2d Cir. 1987)). In addition, the Court may also rely on its own knowledge of hourly rates charged by private firms to determine what the reasonable rates are in the relevant community. **Granada**, 2003 WL 21383821, at *4.

Van Der Zee claims rates between $150 and $350 per hour for Oved at various periods of the litigation, and submits an affidavit in support of the requested rates. *See* Atty. Decl. at ¶ 3; **Hensley v. Eckerhart**, 461 U.S. 424, 433 (1983) (requiring evidence to support rates and hours worked). Overall, Oved's rates are comparable to rates in other copyright infringement cases. *See, e.g.,* **Design Tex Group, Inc. v. United States Mfg. Corp.**, 2005 WL 2063819, at *4 (S.D.N.Y. Aug. 24, 2005) ($395 to $485 per hour for partners, $180 to $265 per hour for associates, and $60 to $145 per hour for paralegals are reasonable rates for purposes of awarding attorney's fees under 17 U.S.C. § 505); **Arclightz & Films Pvt. Ltd. v. Video Palace, Inc.**, 303 F. Supp. 2d 356, 363 (S.D.N.Y. 2003) (finding that attorney's fees between $100-$375 per hour were reasonable in a copyright infringement suit). Accordingly, the Court finds the rates submitted to be reasonable.

### 2. Reasonable Hours

A party seeking an award of attorney's fees must support its application by submitting time records that detail "for each attorney, the date, hours expended, and the nature of the work done." **Granada**, 2003 WL 21383821, at *4 (*citing* **N.Y. State Ass'n. for Retarded Children, Inc. v. Carey**, 711 F.2d 1136, 1154 (2d Cir. 1983)). In compliance, Oved submitted invoices detailing the work performed, the date on which it was performed, the hours spent, and the rates assessed. *See* Affidavit in Support of Damages, Exhibit D.

When determining the reasonableness of the hours expended by counsel, the Court will

consider "the value of the work product of the specific expenditures to the client's case." **Luciano v. Olsten Corp.**, 109 F.3d 111, 116 (2d Cir. 1997). The Court, in its discretion, may also reduce the lodestar calculation by any amount of time it deems unreasonable. *See* **Quarantino v. Tiffany & Co.**, 166 F.3d 422, 425 (2d Cir. 1999) (*citing* **Hensley**, 461 U.S. at 434).

Upon review of Oved's invoices, the Court finds that the hours claimed by counsel on this case are reasonable for the tasks performed. Under the lodestar calculation, the amount of $14,965 requested for attorney's fees is reasonable for more than 70 hours of work performed at the rates above. This Court recommends that Van Der Zee be awarded attorney's fees in the amount of $14,965.

## IV. CONCLUSION

Accordingly, this Court recommends that Van Der Zee be awarded $11,000 in statutory damages, plus attorney's fees in the amount of $14,965 for a total of $25,965, jointly and severally, against Greenidge and Greenidge LLC.

**SO ORDERED this 6th day of January 2006**
**New York, New York**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**